Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000638
16-MAR-2020
09:21 AM

NO. CAAP-19-0000638

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAPANA B. THRONAS-KAHO'ONEI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-19-000061)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon review of this appeal filed by Defendant-Appellant Kapana B. Thronas-Kaho'onei (**Appellant**), self-represented, on September 12, 2019 in Appeal CAAP-19-0000638 (**9/12/19 Notice of Appeal**), it appears that we lack jurisdiction over the appeal. Appellant's 9/12/19 Notice of Appeal does not clearly identify or attach the order or judgment from which he seeks to appeal; to the extent Appellant seeks to appeal from the final disposition of his criminal case, no jurisdiction currently exists because no sentence has been entered and no judgment of conviction has been filed. Hawaii Revised Statutes (HRS) § 641-11.

The 9/12/19 Notice of Appeal also does not effectively appeal from the August 23, 2019 "Order Denying Defendant's Motion to Suppress; 'Promotion v. Posession' (sic) Leading to Motion to Dismiss Filed on July 31, 2019[,]" which appears to be the only order from which the 9/12/19 Notice of Appeal would have been timely filed, because no leave to file an appeal from an interlocutory order pursuant to HRS § 641-17 was granted; an

order denying a motion to suppress is not appealable under the collateral order exception to the final judgment rule.[1]  No authority permits an appeal from an order <u>denying</u> a criminal defendant's motion to dismiss.[2]  We lack jurisdiction over this appeal.[3]

THEREFORE, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, March 16, 2020.

Presiding Judge

Associate Judge

Associate Judge

---

[1]  <u>State v. Kealaiki</u>, 95 Hawai'i 309, 316-17, 22 P.3d 588, 595-96 (2001).

[2]  This is distinguished from <u>State v. Nicol</u>, 140 Hawai'i 482, 493-94, 403 P.3d 259, 270-71 (2017), where the Hawai'i Supreme Court determined that a defendant may appeal from the <u>grant</u> of a motion to dismiss a case without prejudice.

[3]  Appellant may file a notice of appeal after the judgment of conviction is filed, as permitted under HRS § 641-11, within the time and in the manner provided by the Hawai'i Rules of Appellate Procedure and applicable case law.